J-S05032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ATIASHA MONIQUE WILLIAMS | : | |
| Appellant | : | No. 1108 WDA 2014 |

Appeal from the Judgment of Sentence entered June 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000891-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ATIASHA MONIQUE WILLIAMS | : | |
| Appellant | : | No. 1109 WDA 2014 |

Appeal from the Judgment of Sentence entered June 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000317-2014

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 13, 2015**

Appellant, Atiasha Monique Williams, appeals from the judgments of

sentence the trial court entered on June 9, 2014.  Counsel for Appellant has

filed an **Anders**[1] brief and petitioned to withdraw as counsel, alleging this appeal is wholly frivolous.  Upon review, we affirm the judgments of sentence and grant counsel's petition to withdraw.

The procedural background of the cases can be summarized as follows. On January 11, 2012, Appellant pled no contest to one count of endangering welfare of children, 18 Pa.C.S.A. § 4304.  On April 2, 2012, the trial court imposed a sentence of six years of restrictive intermediate punishment to begin with five months of incarceration followed by electronic monitoring for three months.  On April 14, 2014, Appellant pled guilty to one count of simple assault, 18 Pa.C.S.A. § 2701.  On June 9, 2014, the trial court imposed a sentence of imprisonment of twelve to twenty-four months, consecutive to the 2012 conviction.  On the same day, Appellant's restrictive intermediate punishment was revoked and she was resentenced to twelve to thirty-six months imprisonment.  As a result, the aggregate sentence imposed is twenty-four to sixty months imprisonment.  Appellant filed a motion for reconsideration of her sentence, which the trial court denied. This appeal followed.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (refining Pennsylvania's technical requirements for **Anders** briefs).

Before we consider the merits of this appeal, we must address whether counsel has complied with the requirements to withdraw from representation under **Anders**. **See Santiago**, 978 A.2d at 361.

To withdraw under **Anders**/**Santiago**, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the **Anders**/**Santiago** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Upon review, we find here counsel has complied with **Anders** and **Santiago**. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant

- 3 -

of his right to hire a new lawyer or file a *pro se* response.[2]  Furthermore, counsel's brief meets **Santiago**'s substantive requirements listed above.

We now conduct an independent review of the record to determine whether this appeal is indeed frivolous.  "When counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Santiago**, 978 A.2d at 355 (quoting **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981)).

Appellate counsel has raised one single issue, namely, the aggregate sentence imposed is manifestly excessive due to the trial court's failure to consider the factors listed in 42 Pa.C.S.A. § 9721(b).  Specifically, Appellant argues the trial court did not consider the protection of the public and Appellant's rehabilitative needs factors.  Appellant's Brief at 6.  This claim involves the discretionary aspects of her sentence.  **See Commonwealth v. Downing**, 990 A.2d 788, 793 (Pa. Super. 2010).[3]

---

[2] Appellant has not filed a response.

[3] It is not disputed that Appellant timely appealed, that the sentencing claim, as discussed below, is preserved for appellate review, and that Appellant's brief complies with Pa.R.A.P. 2119(f).  **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  The only issue is whether Appellant raised a substantial question that the sentence is inappropriate under the Sentencing Code.

> [T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); 42 Pa.C.S. § 9781(b). Rather, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Crump***, ***supra*** at 1282.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exi[sts] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quotation and quotation marks omitted).

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Finally, our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied,* 63 A.3d 774 (Pa. 2013) (citation omitted).

For purposes of this appeal, we find the claim raises a substantial question.[4] We agree, however, with counsel that the issue is frivolous.[5]

As noted, Appellant alleges the trial court imposed an excessive sentence, without considering the factors set forth in Section 9721(b). We disagree.

_____

[4] Appellant filed a motion for reconsideration of sentence seeking reconsideration of the sentence in light of certain mitigating circumstances pertaining to the underlying crimes and Appellant's personal situation. "An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 175; *see also Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (same). Nowhere did Appellant mention in his motion Section 9721(b), or the factors listed therein. On appeal, however, Appellant argues that the sentence is excessive and that the trial court failed to consider Section 9721(b) factors. As articulated on appeal, Appellant has raised a substantial question for our review. *See Commonwealth v. Dodge,* 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) (*en banc*) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S.A. § 9721 does present a substantial question"); *Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (Allegation that trial court failed to consider appellant's rehabilitative needs and the protection of society in fashioning appellant's sentence raise a substantial question). While the allegations raised on appeal were not specifically raised before the trial court, we decline to find waiver. *See id.*

[5] In response to counsel filing a Rule 1925(c)(4) statement, the trial court issued a one-sentence "memorandum opinion" stating: "[Appellant] via counsel having filed a Statement of Intent to File an *Anders/McClendon* Brief and raised no issues of applicable merit, the [c]ourt finds no grounds requiring further discussion." Trial Court Memorandum Opinion, 8/8/14.

This one-sentence "memorandum opinion" is troublesome. First, it does not comply with Rule 1925(a)(1); *see also Commonwealth v. Burwell*, 42 A.3d 1077, 1079 (Pa. Super. 2012); and, second, it references to a non-existent standard of "applicable merit." The proper standard is whether the appeal is "wholly frivolous." *Id.* at 1080.

A review of the sentencing hearing reveals the trial court adequately stated on the record the reasons for the sentences, and specifically noted that it considered the Sentencing Code, the sentencing guidelines, the pre-sentence investigation report, the revocation summary; Appellant's age, background, character, and rehabilitative needs; the nature, circumstances, and seriousness of the offenses, and the protection of the community. N.T., 6/9/14, at 14. Specifically, among other things, the trial court took into consideration that Appellant came forward, pled guilty, and accepted responsibility for her actions. *Id.* The trial court also noted Appellant cooperated with the Commonwealth on another criminal matter. *Id.* at 14-15. The trial court finally noted Appellant has a long criminal history and a significant mental health history. *Id.* at 15.

In light of the foregoing, we conclude the trial court did not abuse its discretion in imposing consecutive sentences, which in the aggregate, result in a term of incarceration of 24 to 60 months. *See Austin*, 66 A.3d at 809-10 (Trial court did not abuse its discretion in imposing consecutive sentences, resulting in lengthy aggregate sentence, given the trial court reviewed and considered, *inter alia*, the presentence investigation report, sentencing guidelines, and fully and adequately set forth reasons for its sentence).

In sum, the sole issue raised by counsel is frivolous. Additionally, we have conducted an independent review of the record, and we agree with

counsel that no non-frivolous appellate issues exist.    Because the appeals are wholly frivolous, we affirm and grant counsel's petition to withdraw.

Judgments of sentence affirmed.    Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/13/2015</u>